Subhen GHOSH, Appellant–Petitioner,

v.

INDIANA STATE ETHICS COMMISSION and Office of the Inspector General, Appellees–Respondents.

No. 32A01–0812–CV–601.

Court of Appeals of Indiana.

Aug. 17, 2009.

Transfer Granted Oct. 29, 2009.

Adam Lenkowsky, Roberts & Bishop, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Attorneys for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issues

Subhen Ghosh, a former employee with the Indiana Department of Environmental Management ("IDEM"), appeals the trial court's order affirming a report by the State Ethics Commission (the "Ethics Commission") that concluded Ghosh violated a provision of the Ethics Code,[1] specifically Indiana Code section 4–2–6–9(a), during his employment with IDEM. On appeal, Ghosh raises five issues, which we consolidate and restate as 1) whether the trial court properly concluded Ghosh was collaterally estopped from seeking reinstatement of his employment and 2) whether the trial court properly affirmed the Ethics Commission's decision to impose a monetary sanction. Concluding the trial court properly concluded Ghosh was collaterally estopped from seeking reinstatement and properly affirmed the Ethics Commission's decision to impose a monetary sanction, we affirm in part. However, we also conclude the amount of the sanction imposed by the Ethics Commission is not supported by substantial evidence and therefore remand for additional findings in that regard.

### Facts and Procedural History [2]

On February 2, 2006, IDEM Assistant Commissioner Scott Nally met with Ghosh to discuss whether Ghosh had used a state-issued credit card to make purchases at a Beech Grove gas station in which he was part owner. Based on this meeting, Nally concluded that Ghosh's purchases violated the Ethics Code, and that as a result he would be dismissed from his employment with IDEM effective March 4, 2006. Ghosh appealed IDEM's dismissal to the State Employee Appeals Commission (the "Appeals Commission"), and an administrative law judge entered a recommended

---

1. For purposes of this opinion, "Ethics Code" will refer to the statutes and administrative rules the Ethics Commission is responsible for reviewing when the Inspector General files a complaint alleging that one or more of these statutes or rules has been violated. *See* Ind.Code § 4–2–6–4(a)(2). The statutes are codified at Indiana Code chapters 4–2–6, 4–2– 7, and 4–2–8, and the administrative rules are promulgated pursuant to those statutes. *See id.*

2. We heard oral argument on July 24, 2009, in the Court of Appeals courtroom in Indianapolis, Indiana. We thank counsel for their presentations.

finding that Ghosh be reinstated with back pay. The Appeals Commission, however, declined to follow the administrative law judge's recommendation and affirmed IDEM's dismissal. Ghosh ultimately filed a petition for judicial review with this court, but the panel affirmed IDEM's dismissal on the ground that Ghosh did not timely file the agency record. *Ind. Dep't of Envtl. Mgmt. v. Ghosh,* 2008 WL 638388, at *2, 882 N.E.2d 295 (Ind.Ct.App., Mar.11, 2008).

Around the same time Ghosh was appealing IDEM's dismissal, the Ethics Commission received word of Ghosh's conduct and initiated an investigation. Based on its investigation, the Ethics Commission found that Ghosh's conduct constituted a violation of Indiana Code section 4–2–6–9(a) "because he participated in a decision in which he had a financial interest, to wit Ghosh used [a state-issued] credit card to purchase gasoline at the City–Go gas station in Beech Grove, Indiana, in which he had a financial interest." [3] Appellant's Appendix at 105. As a sanction for this violation, the Ethics Commission ordered Ghosh to reimburse the State $456.96.

On July 10, 2007, Ghosh filed a petition seeking judicial review of the Ethics Commission's decision. In his petition, Ghosh alleged, among other things, that the Ethics Commission's decision was improper because it was based on an unreasonable interpretation of Indiana Code section 4–2–6–9(a) and because it was not supported by substantial evidence. For relief, Ghosh requested dismissal of the sanction and reinstatement of his employment with IDEM "with full back-pay and benefits." *Id.* at 16. On November 5, 2008, the trial court entered an order denying Ghosh relief on both grounds. Ghosh now appeals.

## Discussion and Decision

### I. Standard of Review

■ In cases such as this one where a party is appealing the trial court's review of action by an administrative agency, we apply the same standard of review as the trial court. *Pierce v. Ind. Dep't of Corr.,* 885 N.E.2d 77, 88 (Ind.Ct.App.2008). That standard is governed by the Indiana Administrative Orders and Procedures Act ("AOPA"), which provides in relevant part that "[t]he burden of demonstrating the invalidity of agency action is on the party to the judicial review proceeding asserting invalidity" and that a reviewing court "shall grant relief" if the petitioner demonstrates the agency's action is

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(4) without observance of procedure required by law, or

(5) unsupported by substantial evidence.

Ind.Code § 4–21.5–5–14(a) and (d). In conducting this review, a reviewing court does not reweigh evidence or judge witness credibility. *Ind. Civil Rights Comm'n v. Alder,* 714 N.E.2d 632, 635 (Ind.1999). Moreover, a reviewing court must "give deference to the expertise of the agency and ... not reverse simply

---

**3.** The Ethics Commission also found that Ghosh did not violate 42 Indiana Administrative Code section 1–5–12, which states that "[a] state ... employee ... shall not make use of state materials, funds, property, personnel, facilities, or equipment for any purpose other than for official state business unless the use is expressly permitted by a general written agency, departmental, or institutional policy or regulation." This finding is discussed in further detail in Part II.B.2 below.

because [it] may have reached a different result than the [agency]." *Id.*

## II. Propriety of Trial Court's Decision

The trial court concluded that Ghosh was not entitled to reinstatement because that issue had already been litigated adversely to Ghosh during the Appeals Commission proceeding. The trial court also concluded the Ethic Commission's sanction was not improper because its interpretation of Indiana Code 4–2–6–9(a) was reasonable and because its conclusion that Ghosh violated this provision was supported by substantial evidence. Ghosh challenges each of these conclusions; we will address them in turn.

### A. Reinstatement

■ In rejecting Ghosh's argument that he was entitled to reinstatement, the trial court concluded:

> 12. Moreover, there appears to be great weight to [the Ethics Commission's] argument that [Ghosh] is collaterally estopped from litigating in this action the [Appeals Commission] matter when he has already unsuccessfully litigated the propriety of his termination in another forum. The decision of [the Appeals Commission] denying reinstatement is entitled to recognition in this court on the basis of collateral estoppel as Ghosh had a full and fair opportunity to litigate the propriety of his termination in that proceeding. Any right Ghosh had in reinstatement to his job

lapsed when the time for appeal of the [Appeals Commission] ruling expired.

Appellant's App. at 9–10. Ghosh argues the trial court improperly applied the doctrine of collateral estoppel because the Ethics Commission has exclusive authority to dismiss an employee (or reinstate a dismissed employee) for violations of the Ethics Code and, given the Ethics Commission's exclusive authority, "IDEM (as improperly affirmed through [the Appeals Commission] ) simply did not have jurisdiction to terminate...." Appellant's Brief at 12. Ghosh's major premise is valid; if IDEM lacked statutory authority to dismiss him for an ethics violation (and the Appeals Commission, by extension, lacked jurisdiction to hear an appeal from such a dismissal), then the trial court's application of collateral estoppel is improper because the doctrine does not apply where the litigated issue is not within the agency's statutory authority. *See McClanahan v. Remington Freight Lines, Inc.,* 517 N.E.2d 390, 394 (Ind.1988) (stating that administrative collateral estoppel may lie where 1) the issue sought to be estopped was within the statutory jurisdiction of the agency; 2) the agency was acting in a judicial capacity; 3) the parties had a fair opportunity to litigate the issues; and 4) the decision of the administrative agency is subject to judicial review). The question therefore becomes whether IDEM had authority to dismiss Ghosh for a violation of the Ethics Code and, if so, whether the Appeals Commission had authority to review such a dismissal.[4] Because resolving

---

4. Stating the issue as such assumes Ghosh was in fact dismissed for a violation of the Ethics Code. The record, however, is somewhat unclear on this point. On the one hand, the memorandum Nally sent to Ghosh informing Ghosh of his dismissal stated, "[i]t is my decision that you violated the State Ethics Policy by choosing to use your [state-issued] credit card at the Beech Grove business for which you are a registered agent...." Appel-

lant's App. at 19. On the other hand, the Appeals Commission administrative law judge stated in his recommendation that he previously ruled IDEM "can discipline an employee for violating a State Ethics Policy or Rule provided just cause for the discipline can be shown," *id.* at 103, and that he was recommending reinstatement because "IDEM failed to meet its burden of persuading the [administrative law judge] that just cause existed for

this question requires us to interpret several statutory provisions, we note at the outset that the following rules of statutory interpretation guide our analysis:

> When courts set out to construe a statute, the goal is to determine and give effect to the intent of the legislature. The first place courts look for evidence is the language of the statute itself, and courts strive to give the words their plain and ordinary meaning. We examine the statute as a whole and try to avoid excessive reliance on a strict literal meaning or the selective reading of individual words. We presume the legislature intended the language used in the statute to be applied logically, consistent with the statute's underlying policy and goals, and not in a manner that would bring about an unjust or absurd result.

*Cooper Indus., LLC v. City of South Bend,* 899 N.E.2d 1274, 1283 (Ind.2009) (citation omitted). With these rules in mind, we turn to the relevant statutory provisions.

The State Personnel Act, Indiana Code chapter 4–15–2, establishes "a personnel system based on merit and scientific methods relating to the appointment, compensation, promotion, transfer, lay off, removal, and discipline of employees and to other incidents of state employment."[5] Ind. Code § 4–15–2–1. Indiana Code section 4–15–2–34 states, "An appointing authority, the appointing authority's designee, or the ethics commission may dismiss for cause any regular employee," provided the employee receives written notice of the reasons for the dismissal thirty days before it takes effect. The terms "appointing authority" and "regular employee" are defined by Indiana Code sections 4–15–2–2.1 and –3.7, respectively, and there is no dispute IDEM meets the definition of the former and Ghosh meets the definition of the latter.

Where, as here, an appointing authority dismisses an employee pursuant to Indiana Code section 4–15–2–34, the employee may appeal the dismissal according to the procedure set forth in Indiana Code section 4–15–2–35(b). That procedure involves a series of appeals, first to the appointing authority to "conduct whatever investigation the appointing authority . . . considers necessary to render a decision." Ind.Code

---

the termination of [Ghosh's] employment," *id.* at 105. The administrative law judge's reasoning therefore suggests that the inquiry during the Appeals Commission proceeding focused not on whether Ghosh violated the Ethics Code, but whether he was terminated for cause. Nevertheless, because the parties do not appear to dispute that Ghosh was dismissed for an Ethics Code violation, we will assume for purposes of addressing Ghosh's argument that he was in fact dismissed for that reason, though we are mindful that in a separate proceeding rejecting Ghosh's claim for unemployment benefits, a panel of this court reasoned that "IDEM did not discharge Ghosh for an Ethics Code violation" and that Nally's statement to the contrary reflected "improper terminology to express [his] true and proper reasoning for discharging Ghosh." *Ghosh v. Review Bd. of Ind. Dep't of Workforce Dev.,* 2007 WL 1377728, at *5, 866 N.E.2d 879 (Ind.Ct.App., May 11, 2007), *trans. denied.*

5. The State Personnel Act does not apply to all state employees. *See, e.g.,* Ind.Code § 4–15–2.5–1.1 (creating a personnel system for the department of insurance, bureau of motor vehicles, department of revenue, department of natural resources, and department of adjutant general); 31 Ind. Admin. Code § 1–2–1 (creating a personnel system pursuant to Indiana Code chapter 4–15–1.8 for "non-merit" state employees). The parties do not dispute, however, that Ghosh's employment with IDEM is governed by the State Personnel Act, and this lack of dispute appears to be consistent with statutory authority. *See* Ind.Code §§ 13–13–4–1 and –2 (stating, with certain exceptions apparently not relevant here, that the employment of IDEM employees is governed by the State Personnel Act).

§ 4–15–2–35(b). If the appointing authority renders a decision that is adverse to the employee, the employee may appeal that decision to the state personnel director and, if that decision also is adverse, to the Appeals Commission. *Id.* An employee before the Appeals Commission must be afforded a public hearing, and the Appeals Commission's "recommendation" is binding on the appointing authority and can include reinstatement and back pay as relief. *Id.* The Appeals Commission's recommendation is subject to judicial review pursuant to AOPA.[6] *See* Ind.Code § 4–21.5–5–1; *State v. Van Ulzen*, 456 N.E.2d 459, 461–63 (Ind.Ct.App.1983).

If the Ethics Commission dismisses an employee pursuant to Indiana Code section 4–15–2–34, the employee may appeal the dismissal according to the procedure set forth in Indiana Code section 4–15–2–35.5. That procedure is similar to the one set forth in Indiana Code section 4–15–2–35 (where the appointing authority dismisses an employee), with two notable differences. First, the employee is not required, as an initial step, to appeal the dismissal to the appointing authority; in-

stead, the employee can petition the Ethics Commission to reconsider the dismissal. Ind.Code § 4–15–2–35.5(b). Second, if the Ethics Commission's ruling on the petition for reconsideration is "not agreeable to the employee, the employee may submit an appeal in writing to the [Appeals Commission] ...." Ind.Code § 4–15–2–35.5(h).[7] If an employee submits such an appeal, the Appeals Commission is required to "grant the appealing employee and the ethics commission a public hearing, with the right to be represented and to present evidence." *Id.* The Ethics Commission is required to follow the Appeals Commission's recommendation, "which may include reinstatement and payment of salary or wages lost by the employee ....," *id.*, and the recommendation is presumably subject to judicial review pursuant to AOPA, *see* Ind. Code § 4–21.5–5–1.[8]

 The procedures outlined in Indiana Code sections 4–15–2–34, –35, and –35.5 foreclose Ghosh's arguments that IDEM lacked authority to dismiss him for a violation of the Ethics Code and that the Appeals Commission lacked juris-

6. Indiana Code section 4–15–2–35(b) states in closing that "[i]f the recommendation of the [Appeals Commission] is not agreeable to the employee, the employee ... may elect to submit the complaint to arbitration." Although at first glance this clause suggests the statute requires arbitration as a final step in exhausting administrative remedies, this court has explained that arbitration is only applicable if the Appeals Commission makes a recommendation that is favorable to the employee on the merit s, but the employee is dissatisfied with the remedy. *See Rockville Training Ctr. v. Peschke*, 450 N.E.2d 90, 92 (Ind.Ct.App. 1983). Because this appeal does not involve such circumstances, the arbitration clause is not relevant to resolving the issues presented.

7. The first sentence of Indiana Code section 4–15–2–35.5(h) states as follows: "If the ruling by the ethics commission on the employee's petition for reconsideration is not agree-

able to the employee, the employee may submit an appeal in writing to the commission not later than fifteen (15) calendar days after the date of the ruling by the ethics commission on the petition for reconsideration." Although the term "commission" appears ambiguous at first glance, Indiana Code section 4–15–2–2.5 states that throughout the State Personnel Act, "commission" refers to "the state employees appeals commission created by IC 4–15–1.5."

8. Indiana Code section 4–15–2–35.5 concludes with an arbitration clause that is substantially similar to the arbitration clause in Indiana Code section 4–15–2–35(b). *See* Ind. Code § 4–15–2–35.5(i). Our research has not disclosed any case addressing whether a party appealing under Indiana Code section 4–15–2–35.5 is required to proceed under the arbitration clause as a final step toward exhausting administrative remedies.

diction to review such a dismissal. First, regarding IDEM's dismissal authority, Indiana Code section 4–15–2–34 authorizes an appointing authority such as IDEM to dismiss an employee for cause. Although the State Personnel Act does not specifically define a dismissal for cause to include one based on an ethical violation, there is authority for the proposition that dismissals for cause nevertheless encompass a broad range of dismissals, including those that are accurately described as ethical violations. *See Roth v. State,* 158 Ind. 242, 63 N.E. 460, 464 (1902) ("[F]or cause . . . necessarily and reasonably implies that the cause intended is to be some dereliction or general neglect of duty, or some delinquency affecting the general character of the officer, or his fitness for holding the office, or his incapacity to discharge the duties thereof."); *see also McCallister v. Priest,* 422 S.W.2d 650, 657 (Mo.1968) (" 'For cause' means legal cause. It must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public." (citation omitted)); *cf.* Ind.Code § 4–15–2.5–8 (stating, for state employees whose employment is governed by the Career Bipartisan Personnel System, that "for cause" dismissal includes "any action or inaction of any employee that . . . brings discredit upon the State of Indiana"); Ind.Code § 22–4–15–1(d) (defining "discharge for just cause" to include "knowing violation of a reasonable and uniformly enforced rule of an employer" or "any breach of duty in connection with work which is reasonably owed an employer by an employee"). Given the broad definition of "for cause," we cannot say its inclusion in Indiana Code section 4–15–2–34 means the legislature intended to prohibit appointing authorities such as IDEM from executing a dismissal

for cause where such cause is based on a violation of the Ethics Code.

Nor can we credit Ghosh's argument that the Appeals Commission lacked jurisdiction to review a dismissal based on an Ethics Code violation. Indiana Code section 4–2–6–12 permits the Ethics Commission to dismiss an employee if it finds a violation of the Ethics Code. Coupling this provision with the State Personnel Act's requirement that any dismissal by the Ethics Commission be for cause, *see* Ind. Code § 4–15–2–34, means the Ethics Commission may dismiss an employee if it finds the employee violated the Ethics Code and the violation constitutes dismissal for cause. *See* Ind.Code §§ 4–2–6–12 and –15–2–34. As part of the administrative appeals process, first the Ethics Commission (through a motion for reconsideration), and then, critically, the Appeals Commission reviews the propriety of such dismissals. *See* Ind.Code § 4–15–2–35.5(a), (d), and (h). Thus, because the Appeals Commission is charged by statute with the task of reviewing a dismissal by the Ethics Commission for a violation of the Ethics Code, we think it goes without saying that the legislature plainly intended to give the Appeals Commission jurisdiction over administrative appeals from such dismissals.

In reaching the foregoing conclusions, we are mindful, thanks in part to Ghosh's counsel's reliance on the case in his written briefs and at oral argument, of *LTV Steel Company v. Griffin,* 730 N.E.2d 1251 (Ind. 2000). In that case, our supreme court stated that the statutes defining the Ethics Commission's powers and duties, *see* Ind. Code §§ 4–2–6–1 *et seq.,* reflect the legislature's intent that the Ethics Commission "have exclusive jurisdiction to establish a code of ethics for the conduct of state business . . . and to adjudicate alleged violations thereof." *Griffin,* 730 N.E.2d at

1258. Ghosh contends this statement renders the Appeals Commission's lack of jurisdiction "plainly evident." Appellant's Reply Brief at 4. Two reasons convince us, however, that *Griffin* does not control the outcome in this case. First, the facts in that case differ substantially from those presented here. *Griffin* involved a determination by the Indiana Board of Safety Review that a company charged with violations of the Indiana Occupational Health and Safety Act could assert, as an affirmative defense to the charge, that the state official responsible for conducting the investigation leading to the charge had a conflict of interest in violation of the Ethics Code. As such, the *Griffin* court did not have occasion to consider an appointing authority's broad authority under the State Personnel Act to dismiss an employee for cause. *See* Ind.Code § 4–15–2–34.

Second, and perhaps more to the point, we note that *Griffin* was decided well before the State Personnel Act was amended to include Indiana Code section 4–15–2–35.5, *see* P.L. 222–2005, § 20 (May 11, 2005), which, as discussed above, specifically requires the Appeals Commission to review the propriety of a dismissal by the Ethics Commission for an Ethics Code violation, *see* Ind.Code § 4–15–2–35.5(h). Thus, although the statutes in effect at the time *Griffin* was decided indicate the Ethics Commission enjoyed exclusive jurisdiction to adjudicate alleged violations of the Ethics Code, *see* 730 N.E.2d at 1258, the legislature's decision to add Indiana Code section 4–15–2–35.5, which requires the Appeals Commission to review a dismissal by the Ethics Commission for an Ethics Code violation, indicates such exclusivity of jurisdiction no longer reflects the legislature's intent.

Although we conclude that IDEM had authority to dismiss Ghosh for a violation of the Ethics Code, that the Appeals Com-

mission had authority to review such a dismissal, and that this case is not bound by *Griffin,* we also note in closing that if we were to credit Ghosh's view, then an appointing authority could become deadlocked, or at least greatly inhibited, when dismissing an employee for cause and that such a result is inconsistent with the powers given to an appointing authority under the State Personnel Act. To illustrate, if an employee was dismissed based on conduct that arguably constituted a violation of the Ethics Code, the employee could claim the Ethics Commission had sole authority to dismiss him and to review the propriety of that dismissal. The practical effect of such a rule might mean that whenever an appointing authority decided to dismiss an employee under such circumstances, it would have to refer its decision to the Ethics Commission or risk a protracted jurisdictional dispute regarding whether the employee was dismissed for a violation of the Ethics Code. Our discussion of the foregoing statutes, particularly Indiana Code sections 4–15–2–34 and –35.5, convinces us the legislature did not intend to produce such a result.

We conclude that IDEM had authority to dismiss Ghosh for a violation of the Ethics Code and that the Appeals Commission had authority to review such a dismissal. Thus, it follows the trial court properly concluded that Ghosh was collaterally estopped from litigating the propriety of his dismissal during the Ethics Commission proceeding.

### B. Sanction

Regarding the propriety of the Ethics Commission's sanction against Ghosh, the trial court concluded:

9. The evidence before the ... Ethics Commission was that Ghosh made a decision to and did drive his state vehicle multiple times to a gasoline station in which he had a financial interest and

purchased gasoline from it. This is sufficient to support the ... Ethics Commission finding that the complaint filed by the Office of Inspector General had been proven by a preponderance of the evidence in violation of the Indiana Code of Ethics rule regarding conflicts of interest.

Appellant's App. at 9. Ghosh's challenge to this conclusion is two-fold; first he contends that the Ethics Commission unreasonably interpreted Indiana Code 4–2–6–9(a), and second he contends that even if the Ethics Commission's interpretation is reasonable, substantial evidence does not support the Ethics Commission's decision to impose a sanction in the amount of $456.96. We will address these contentions in turn.

### 1. Interpretation of Indiana Code section 4–2–6–9(a)

■ The Ethics Commission concluded Ghosh's use of a state-issued credit card at a gas station in which he was a part owner violated Indiana Code section 4–2–6–9(a).[9] That provision states:

(a) A state officer, an employee, or a special state appointee may not participate in any decision or vote if the state officer, employee, or special state appointee has knowledge that any of the following has a financial interest in the outcome of the matter:

(1) The state officer, employee, or special state appointee.

(2) A member of the immediate family of the state officer, employee, or special state appointee.

(3) A business organization in which the state officer, employee, or special state appointee is serving as an officer, a director, a trustee, a partner, or an employee.

(4) Any person or organization with whom the state officer, employee, or special state appointee is negotiating or has an arrangement concerning prospective employment.

Ind.Code § 4–2–6–9(a). Ghosh argues the Ethics Commission's interpretation was unreasonable because he did not "participate in any decision" by using the state-issued credit card. To support this argument, Ghosh contends that "participate" in this context "necessarily requires another person's involvement." Appellant's Br. at 10. For its part, the Ethics Commission's reasoning on this point was straightforward: "Ghosh is in violation of IC 4–2–6–9 because he participated in a decision in which he had a financial interest, to wit Ghosh used the [state-issued] credit card to purchase gasoline at the City–Go gas station in Beech Grove, Indiana, in which he had a financial interest." Appellant's App. at 105.

■ Before addressing the parties' interpretations, we note that as a corollary to our standard of review requiring us to "give deference to the expertise of the agency and ... not reverse simply because we may have reached a different result than the [agency]," *Alder*, 714 N.E.2d at 635, we have stated that an agency's interpretation of a statute it is responsible for enforcing is entitled to "great weight" as long as the interpretation is reasonable. *Ind. Dep't of Envtl. Mgmt. v. Steel Dynamics, Inc.*, 894 N.E.2d 271, 274 (Ind.Ct. App.2008), *trans. denied; see also Ballard v. Book Heating & Cooling, Inc.*, 696 N.E.2d 55, 56 (Ind.Ct.App.1998) ("We pay due deference to the interpretation of a

---

**9.** The Ethics Complaint filed against Ghosh alleged he violated 42 Indiana Administrative Code section 1–5–6. *See* Appellant's App. at 48. However, that rule merely states, "Decision and voting restrictions are set forth in IC 4–2–6–9," 42 Ind. Admin. Code § 1–5–6, and, at any rate, the Ethics Commission and the trial court's findings focus on the statute.

statute by the administrative agency charged with its enforcement in light of its expertise in its given area."), *trans. denied.* Accordingly, "when a court determines that an administrative agency's interpretation is reasonable, it should terminate its analysis and not address the reasonableness of the other party's interpretation." *Steel Dynamics,* 894 N.E.2d at 274.

We acknowledge that Ghosh's interpretation of "participate" within the meaning of Indiana Code section 4–2–6–9(a) appears consistent with both legal and general dictionaries, as those sources define the term as generally referring to action or conduct involving two or more people. *See, e.g.,* Black's Law Dictionary 1118 (6th ed.1990) (defining "participate" as "[t]o receive or have a part or share of; to partake of; experience in common with others; to have or enjoy a part or share in common with others"); The American Heritage Dictionary of the English Language 955 (1981) (defining "participate" as "[t]o take part; join or share with others"). Nevertheless, we do not think Ghosh's interpretation necessarily renders the Ethics Commission's interpretation unreasonable. Implicit in the Ethics Commission's conclusion that Ghosh violated Indiana Code section 4–2–6–9(a) is that "participate" establishes the minimum amount of action for a violation to occur. Because Ghosh unilaterally decided to use a state-issued credit card at a gas station in which he had a financial interest, he went well beyond the minimum of mere participation. Moreover, adopting Ghosh's interpretation would permit any single person to avoid violating the statute simply on the ground that the person acted alone. It is difficult to believe the legislature intended such a result. As such, we conclude the Ethics Commission's interpretation of Indiana Code section 4–2–6–9(a) is reasonable, which means its interpretation controls, and Ghosh's conduct constitutes a violation of the statute.

### 2. Amount of Sanction

■ Having concluded the Ethics Commission's interpretation of Indiana Code section 4–2–6–9(a) is reasonable and Ghosh therefore violated the statute, the question becomes whether substantial evidence supports the Ethics Commission's decision to impose a sanction in the amount of $456.96. Ghosh appears to argue that the amount of the sanction is improper because the Ethics Commission's calculation is based on inconsistent findings. To better understand this argument, it is worth discussing the Ethics Commission's findings in further detail.

In addition to finding that Ghosh violated Indiana Code section 4–2–6–9(a), the Ethics Commission found that he did not violate 42 Indiana Administrative Code section 1–5–12. That rule states in relevant part, "A state ... employee ... shall not make use of state materials, funds, property, personnel, facilities, or equipment for any purpose other than for official state business unless the use is expressly permitted by a general written agency, departmental, or institutional policy or regulation." 42 Ind. Admin Code § 1–5–12. The Ethics Commission concluded Ghosh did not violate this provision because his supervisor approved travel vouchers for the alleged unauthorized gas station trips. *See* Appellant's App. at 105 (Ethics Commission's conclusion that "Ghosh further testified, and exhibits were entered into evidence which confirm, that Ghosh's supervisor approved each of his travel vouchers and Ghosh attached receipts for reimbursement of expenses"). However, in calculating the amount of his sanction for violating Indiana Code section 4–6–2–9(a), the Ethics Commission multiplied the total number of miles Ghosh traveled during his trips from his

home in Brownsburg to the gas station (1,344) by 34 cents, which, according to the Ethics Commission, is the amount the IRS requires as a per-mile payroll tax withholding for personal use of a state-owned vehicle. *Id.* at 105–06. In making this calculation, the Ethics Commission characterized the trips from Brownsburg to the gas station as "unauthorized." *Id.* at 106. Ghosh appears to take the position that this calculation is inconsistent with the Ethics Commission's finding that his trips were authorized by his supervisor.[10]

We agree with Ghosh that the Ethics Commission's decision is inconsistent to the extent it concluded his trips were authorized (and therefore not in violation of 42 Indiana Administrative Code section 1–5–12) on the one hand, while on the other hand it calculated his sanction for violating Indiana Code 4–2–6–9(a) by using the total number of miles he traveled during his trips to the gas station and described these trips as "unauthorized." *Id.* at 106. Instead, the Ethics Commission should have focused on Indiana Code section 4–2–6–12(1), which authorizes it to impose a sanction for a violation of the Ethics Code in an amount "not to exceed three (3) times the value of any benefit received from the violation." Ind.Code § 4–2–6–12(1). Because the Ethics Commission's findings and the record fail to explain how Ghosh's sanction of $456.96 is less than or equal to "three (3) times the value of any benefit" he received for violating Indiana Code section 4–2–6–9(a), we cannot say substantial evidence supports the amount of the sanction. Accordingly, we remand to the Ethics Commission for it to either make additional findings explaining how Ghosh's sanction of $456.96 is consistent with Indiana Code 4–2–6–12(1) or, in the alternative, to fashion a sanction that is consistent with the statute and supported by the evidence in the record. *See* Ind.Code § 4–21.5–5–15 (permitting a court conducting review under AOPA to "remand the case to the agency for further proceedings" where its decision is unsupported by substantial evidence).

### Conclusion

The trial court properly concluded Ghosh was collaterally estopped from seeking reinstatement and properly affirmed the Ethics Commission's decision to impose a monetary sanction. However, the amount of the sanction imposed by the Ethics Commission is not supported by substantial evidence, and we therefore remand for the Ethics Commission to make additional findings in that regard or to fashion a sanction that is consistent with the requirements of Indiana Code section 4–2–6–12(1).

Affirmed in part and remanded.

DARDEN, J., and BAILEY, J., concur.

10. It is important to note that this finding does not appear to undermine the Ethics Commission's conclusion that Ghosh violated Indiana Code section 4–2–6–9(a), as that statute does not provide an exception legitimizing an employee's conflicted participation in a decision if the employee's participation was authorized by a supervisor.