ATTORNEYS FOR APPELLANT
Adam Lenkowsky
Steven Davis
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
Gregory F. Zoeller
Attorney General of Indiana

Gary Damon Secrest
Deputy Attorney General

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana



FILED
Jun 30 2010, 2:45 pm
CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 32S01-0910-CV-504

SUBHEN GHOSH,                                     *Appellant (Petitioner Below),*

v.

INDIANA STATE ETHICS COMMISSION
AND OFFICE OF THE INSPECTOR GENERAL,             *Appellees (Respondents Below).*

Appeal from the Hendricks Superior Court, No. 32D02-0707-MI-6
The Honorable David H. Coleman, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 32A01-0812-CV-601

**June 30, 2010**

**Boehm, Justice.**

This case addresses the jurisdiction of state agencies and the State Employee Appeals Commission (SEAC) to consider ethics code violations in ruling on terminations of state employees. A 2005 statute gave SEAC jurisdiction to review terminations of state employees by either the employee's agency or the Ethics Commission. We hold that this amendment authorized SEAC to consider ethical violations among other grounds for termination in conducting this review, but did not otherwise affect the general rule that the Ethics Commission

has exclusive jurisdiction to interpret the state Ethics Code. Ghosh's attempt to review his termination by the Indiana Department of Environmental Management (IDEM) in this subsequent Ethics Commission proceeding is therefore barred by IDEM's earlier unappealed decision to terminate him. We also uphold the Ethics Commission's sanction against Ghosh.

## Facts and Procedural History

Subhen Ghosh was an Engineer with IDEM for over twenty years. His work included conducting inspections and he maintained an office at his residence in Brownsburg as his "home base." He also owned an interest in a gas station in Beech Grove, Indiana, and was listed as the registered agent for Himalaya Mountain, LLC, the limited liability company that owned the station.

Ghosh regularly drove a state-issued Jeep Cherokee from his home base to the counties northwest of Indianapolis where he conducted inspections. Although Beech Grove was twenty-six miles southeast of his home, Ghosh frequently visited the Beech Grove station in the Cherokee and purchased gasoline and other items from the gas station using his state-issued gasoline credit card. On February 2, 2006, Ghosh was suspended pending termination of employment effective March 4, 2006. IDEM's assistant commissioner explained that Ghosh was terminated because he "violated the State Ethics Policy by choosing to use [his] company Voyager credit card at the Beech Grove business for which [he is] a registered agent for Himalaya Mountain, LLC." Ghosh was terminated for cause on March 4, 2006.

Ghosh appealed his termination to SEAC pursuant to Indiana Code section 4-15-2-34 (2005). An administrative law judge initially recommended that Ghosh be reinstated, but the full SEAC upheld the termination. Ghosh attempted to seek judicial review of this decision but his application for judicial review was dismissed for failure to file the agency record timely. See IDEM v. Ghosh, 2008 WL 638388, at *2 (Ind. Ct. App. Mar. 11, 2008).

The Office of the Inspector General filed a separate complaint against Ghosh with the Indiana State Ethics Commission, alleging that Ghosh violated both the conflict of interest statute, I.C. § 4-2-6-9, and the misuse of state property provision of the Ethics Code, 42 Indiana Administrative Code § 1-5-12 (2005). The Ethics Commission fined Ghosh $456.96 after

2

finding that he had violated the statute but not the misuse of property provision. The amount of the fine was based on the mileage Ghosh drove from his home in Brownsburg to the Beech Grove gas station over a two-year period.

Ghosh sought judicial review of the Ethics Commission ruling. He challenged the finding that he violated the conflict of interest provision and the associated fine and also sought to revive his challenge to his termination, asserting that SEAC had no jurisdiction to affirm his dismissal. The trial court denied Ghosh's petition for review, upholding the Ethics Commission's findings and holding that Ghosh was collaterally estopped from attacking his termination. The Court of Appeals affirmed the trial court holding that Ghosh was collaterally estopped from challenging his termination. The Court of Appeals also affirmed the Ethics Commission's determination that Ghosh violated the conflict of interest provision but found the amount of the fine was unsupported by sufficient evidence. Ghosh v. Ind. State Ethics Comm'n, 911 N.E.2d 137, 148 (Ind. Ct. App. 2009). We granted transfer.

### Standard of Review

Courts have a limited power of judicial review over state agency action, pursuant to the Administrative Orders and Procedures Act. LTV Steel Co. v. Griffin, 730 N.E.2d 1251, 1257 (Ind. 2000). A reviewing court may set aside an agency action only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(4) without observance of procedure required by law; or

(5) unsupported by substantial evidence.

I.C. § 4-21.5-5-14(d).

The trial court concluded that Ghosh was collaterally estopped from seeking review of his termination. Because this is a matter of law, we review it de novo. See Ind. Dep't of Envtl. Mgmt. v. Raybestos Prods. Co., 897 N.E.2d 469, 473 (Ind. 2008). The Ethics Commission's

determination that Ghosh violated the conflict of interest provision and its calculation of the associated fine is to be affirmed if supported by substantial evidence. LTV Steel, 730 N.E.2d at 1257.

## I. Ghosh's Termination from IDEM

State merit employees may be terminated for cause by an "appointing authority, the appointing authority's designee, or the ethics commission." I.C. § 4-15-2-34. An employee terminated by the appointing authority for cause may challenge that determination by filing a complaint, which must go through several levels of review, including a hearing with the appointing authority and review by the state personnel director. I.C. § 4-15-2-35. Employees who are not satisfied with the outcome of these procedures may appeal to SEAC, which is to hold a public hearing and render a timely decision. I.C. § 4-15-2-35(b). An employee terminated by the Ethics Commission must first petition the Ethics Commission to reconsider, then appeal to the SEAC with the same public hearing and timely decision requirements applied to terminations by the appointing authority. I.C. § 4-15-2-35.5(b).[1]

Both the trial court and the Court of Appeals held that Ghosh is collaterally estopped from seeking review of his termination by reason of his failure to perfect his petition for judicial review of SEAC's order affirming his termination. See IDEM v. Ghosh, 2008 WL 638388, at *2. Collateral estoppel "applies where a particular issue is adjudicated and then put in issue in a subsequent suit on a different cause of action between the same parties or their privies." McClanahan v. Remington Freight Lines, Inc., 517 N.E.2d 390, 394 (Ind. 1988).

One requirement for an agency ruling to be given collateral estoppel effect is that "the issues sought to be estopped were within the statutory jurisdiction of the agency." Id. Ghosh argues that IDEM did not have the authority to terminate him "for cause" because the "cause" was an alleged violation of the Ethics Code, which is within the exclusive jurisdiction of the

---

[1] Both statutes provide for binding arbitration if the employee is dissatisfied with the SEAC's decision. I.C. §§ 4-15-2-35(b), -35.5(i). As the Court of Appeals noted, the arbitration provision of I.C. § 4-15-2-35 has been construed to cover situations when SEAC makes a recommendation that "is favorable to the employee on the merits, but the employee is dissatisfied with the remedy." 911 N.E.2d at 143 n.6 (citing Rockville Training Ctr. v. Peschke, 450 N.E.2d 90, 92 (Ind. Ct. App. 1983)). Because the arbitration provisions in the two statutes are substantially similar, we agree with the Court of Appeals that arbitration is not a mandatory step in an employee's exhaustion of administrative remedies.

Ethics Commission.[2]  Ghosh cites LTV Steel, which held that the Ethics Commission has "exclusive jurisdiction . . . to adjudicate alleged violations" of the Ethics Code.[3]  730 N.E.2d at 1258.  Because of the Ethics Commission's exclusive jurisdiction, Ghosh argues, IDEM had no authority to terminate him for a violation of the Ethics Code, and therefore SEAC had no jurisdiction to address the issue.

The Court of Appeals agreed with Ghosh that LTV Steel would prevent IDEM from terminating an employee for an alleged ethical violation.  However, the Court of Appeals also found that IDEM had authority to terminate Ghosh because LTV Steel had been legislatively overruled by 2005 amendments to the State Personnel Act, which 1) authorized the Ethics Commission, in addition to the appointing authority, to terminate employees, and 2) mandated SEAC review of Ethics Commission terminations.  I.C. §§ 4-15-2-34, -35.5.  The Court of Appeals concluded that these amendments nullified LTV Steel's holding that the Ethics Commission is the sole body with authority to adjudicate disputes over alleged ethics violations.  However, because SEAC has authority to hear appeals from all terminations, whether from the Ethics Commission or from the appointing authority, the Court of Appeals held that Ghosh's original appeal to SEAC adjudicated his claim.  911 N.E.2d at 145.

Ghosh's argument would require the Ethics Commission to review any termination of a state employee when the basis for termination is an ethics violation.  The Ethics Commission also supports the view that it alone should review terminations to supply consistency and fairness to all employees.  That may be desirable policy, but the General Assembly has unequivocally

---

[2] Both parties refer to the reason for Ghosh's termination as an ethics violation.  In a separate proceeding rejecting Ghosh's claim for unemployment benefits, the Court of Appeals, citing apparent discrepancies in Ghosh's claims for reimbursement of travel expenses, concluded that "IDEM did not discharge Ghosh for an Ethics Code violation." Ghosh v. Review Bd. of Ind. Dep't of Workforce Dev., 2007 WL 1377728, at *5 (Ind. Ct. App. May 11, 2007).

[3] In LTV Steel, an inspector of a manufacturing plant found several serious violations of the Indiana Occupational Safety and Health Act (IOSHA).  LTV Steel, 730 N.E.2d at 1255.  At the time, the inspector was on layoff status as a union employee of a sister subsidiary of the manufacturer.  Id. at 1254.  As a union employee on layoff status, the inspector had recall rights of re-employment and had a vested pension from the sister.  Id.  When the inspector became aware of this potential conflict of interest, he notified officials of the manufacturer, who stated that they had no objection to his continued inspections of their facility.  Id. at 1255.  When IOSHA issued its safety orders, the manufacturer petitioned for review with the Safety Board and moved for summary judgment, claiming that the inspector's conflict of interest rendered his findings void.  Id.  The Safety Board agreed, and IOSHA sought judicial review.  Id. at 1256.  We reversed the Safety Board's decision, holding that the Safety Board had no jurisdiction to adjudicate the manufacturer's ethics complaint against IOSHA.  Id. at 1258.  We also held that even if an ethics violation had occurred, it would not warrant dismissal of the safety findings against the manufacturer.  Id. at 1260.

5

given agencies the authority to terminate their employees for "just cause." I.C. § 4-15-2-34. To be sure, "just cause" or "cause" to terminate an employee often defies precision, at least at the margins. See Roger I. Abrams & Dennis R. Nolan, Toward a Theory of "Just Cause" in Employee Discipline Cases, 1985 Duke L.J. 594, 599. The State's Personnel Policy reflects this: "just cause" includes "violation of, or failure to comply with, Federal or State law, rules, executive order, policies or procedures; . . . dishonesty; . . . [and] actions which bring the agency or the individual into disrepute or impair the effectiveness of the agency or individual." State Pers. Dep't, Discipline Policy Statement (effective July 1, 2005), available at http://www.in.gov/spd/files/discpol.pdf. Despite the room for debate as to what "just cause" may mean in some contexts, it is clear that some acts that constitute just cause for termination are also ethics violations. For example, an employee who embezzles funds from a state agency is surely subject to termination for cause, and also violates the conflict of interest provision of the Ethics Code. We agree with the Ethics Commission that "conduct that broadly implicates the Code of Ethics may also constitute 'just cause' for dismissal." On the other hand, not every ethics violation is grounds for termination and some circumstances, for example incompetence, may be just cause for termination but do not constitute ethics violations. The statute thus authorizes both the Ethics Commission and the appointing authority to address facts that constitute just case for termination and also establish a violation of the Ethics Code.

Both parties argue that the 2005 amendment did not legislatively overrule LTV Steel's holding that the Ethics Commission has exclusive jurisdiction to adjudicate alleged ethics violations. We agree. Prior to 2005, only the appointing authority could terminate a state employee. The 2005 amendments added termination to the available Ethics Commission sanctions, and gave SEAC the power to review the termination. By providing for SEAC review of Ethics Commission rulings on termination, the statute in question permitted SEAC to review a finding of an ethics violation. The amendment thus marginally affected the exclusive jurisdiction of the Ethics Commission by leaving the original jurisdiction in the Ethics Commission, but subjecting it to review by SEAC. But it did not extend the jurisdiction over ethical issues to any other agency and for the most part left the Ethics Commission's exclusive jurisdiction intact.

In sum, IDEM had the authority to terminate Ghosh "for cause." That decision was reviewable by SEAC, and SEAC's ruling was subject to judicial review. Ghosh therefore had a "fair opportunity to litigate" the issue of his termination and is collaterally estopped from seeking review of his termination. McClanahan, 517 N.E.2d at 394.

## II. Ethics Commission Finding and Sanction

### A.     *Conflict of Interest Violation*

The Ethics Commission found that Ghosh violated the Conflict of Economic Interests provision of the Ethics Code. In relevant part, that section provides that "a state employee . . . may not participate in any decision" if the state employee knows that he or she has a "financial interest" in the matter. I.C. § 4-2-6-9(a)(1). Ghosh challenges the Ethics Commission's interpretation of the statute.

Ghosh argues that "participate in any decision" necessarily implies that two or more people were involved in the decision. Since he acted alone when he used his state credit card at his gas station, he contends, he was not participating in a decision. The Ethics Commission counters that the statute's use of the word "participate" merely establishes the minimum degree of involvement in a decision required for application of the act. We agree that "participate" embraces people who, for example, voted on a decision, but does not imply that the same decision by only one participant is not covered by the prohibition against acting as a state employee with a financial interest. See Black's Law Dictionary 1229 (9th ed. 2009) (defining participation as "[t]he act of taking part in something, such as a partnership, a crime, or a trial"). "An interpretation of a statute by an administrative agency charged with the duty of enforcing the statute is entitled to great weight." LTV Steel, 730 N.E.2d at 1257; accord Lyng v. Payne, 476 U.S. 926, 929 (1986) ("[A]n agency's construction of its own regulations is entitled to substantial deference."); Ind. Dep't of Envtl. Mgmt. v. Steel Dynamics, Inc., 894 N.E.2d 271, 274 (Ind. Ct. App. 2008), trans. denied ("[W]hen a court determines that an administrative agency's interpretation is reasonable, it should terminate its analysis and not address the reasonableness of the other party's interpretation."). Therefore, we must determine whether the Ethics Commission's interpretation of Indiana Code section 4-2-6-9(a)(1) was reasonable. We cannot say, given these circumstances, that the Ethics Commission's finding was unreasonable.

7

B.    *Amount of the Fine*

The Ethics Commission arrived at a total penalty of $456.96 by applying the $0.34 Internal Revenue Service mileage rate for personal use of a vehicle to the 1344 miles Ghosh drove on "unauthorized trips" between his home in Brownsburg and the Beech Grove gas station.  The Inspector General's complaint against Ghosh alleged violation of the conflict of interest statute and also personal use of state property in violation of the administrative Code of Ethics.  See 42 Ind. Admin. Code § 1-5-12.  The Court of Appeals held that the use of state property did not support the mileage based penalty because the Ethics Commission found that Ghosh's supervisor had approved the trips to Beech Grove, so Ghosh did not use state property without authority.  The Court of Appeals therefore concluded that the amount of the Ethics Commission's $456.96 sanction was unsupported by substantial evidence.  911 N.E.2d at 148.

Despite the supervisor's authorization, we think the Ethics Commission was justified in imposing the penalty based on the conflict of interest statute, which allows a penalty "not to exceed three (3) times the value of any benefit received from the violation."  I.C. § 4-2-6-12(1).  Ghosh's travels in a state vehicle to Beech Grove were a benefit to him and the I.R.S. mileage guidelines were a reasonable means to monetize that benefit.  The Ethics Commission is entitled to considerable latitude in crafting a remedy,[4] and the amount it fixed is within the statutory parameters.

## Conclusion

The trial court's holdings that Ghosh is collaterally estopped from challenging his termination, that Ghosh violated the Ethics Code, and the $456.96 penalty are affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ, concur.

---

[4] E.g., Sullivan v. Day, 681 N.E.2d 713, 716 (Ind. 1997) (an agency is entitled to great deference on judicial review for its interpretations of its own regulations).